## Papa v. Brodsky

C.P. of Philadelphia County, April Term 1995 no. 3022.

*Lawrence Anney,* for plaintiffs.
*Timothy McCann,* for defendants.

BERNSTEIN, *J.,* April 20, 1998—

### ORDER

And now, April 20, 1998, upon consideration of plaintiffs' motion in limine to preclude certain testimony of Dr. James Fox M.D., said motion is granted.

Dr. Fox may be called to provide testimony including medical opinion testimony as to his treatment of plaintiff, Papa, only.

The Superior Court in the case of *Alexander v. Knight,* 197 Pa. Super. 79, 177 A.2d 141 (1962) affirmed the lower court decision upon the opinion of the trial court. The trial court therein said the treating physician's "confidential or fiduciary" obligation to the patient: "includes a duty to refuse affirmative assistance to the patient's antagonists in litigation."

In *Moses v. McWilliams,* 379 Pa. Super. 150, 549 A.2d 950 (1988), the Superior Court recognized that

limiting a treating physician's testimony to the medical care and treatment rendered to the plaintiff can be an appropriate order. In that matter, Judge Greenberg entered a trial court order that permitted the treating physician to testify only as a "fact" witness and not as an expert on defendant's behalf.

The Pennsylvania Rules of Civil Procedure recently were amended to preclude a treating physician acting as an expert witness.[1]

This discovery rule limited the information which the defense may receive from plaintiff by restricting defense communications with treating physicians to approved discovery methods. While this rule is not specifically implicated herein since there is no discovery abuse claimed and no information was obtained other than through appropriate discovery of the treating physician's medical records, the clear policy of Pennsylvania Law as embodied in this new rule is to preclude treating physicians from acting in a capacity adverse to their patient in court. This policy compels that plaintiffs' motion be granted.

Obviously, Dr. Fox must be qualified to provide expert opinion testimony before he can testify to any medical opinion concerning diagnosis, the appropriateness or need for the medical care rendered by him, prognosis, or to explain any other material contained in his notes which require medical training for interpretation. Accordingly, Dr. Fox must, of course, be qualified to provide medical opinion before he can testify. Nonetheless, his testimony must be strictly limited to only those medical facts and opinions necessary for the medical care he rendered to his patient. This obviously precludes opinion as to whether the applicable standard of care

---

1. Pennsylvania Rule of Civil Procedure 4003.6.

was met by prior physicians or the appropriateness of treatment rendered prior to his initial visit with the plaintiff unless such medical opinion was essential to his proper care and treatment of his patient. Plaintiff herein does not seek and cannot preclude the jury from hearing any opinions held by her treating physician that were necessary for proper care and treatment.

Thus, the treating physician's testimony is limited to the facts of treatment and opinions pertinent thereto.